UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL NEWBY, | ) |
| Plaintiff, | ) No. CV-09-5084-JPH |
| v. | ) ORDER GRANTING DEFENDANT'S |
| | ) MOTION FOR SUMMARY JUDGMENT |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| Defendant. | ) |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on March 18, 2011 (Ct. Rec. 20, 25). Attorney D. James Tree represents plaintiff; Special Assistant United States Attorney Richard Morris represents the Commissioner of Social Security (Commissioner). The parties have consented to proceed before a magistrate judge (Ct. Rec. 7). On January 21, 2011, plaintiff filed a reply (Ct. Rec. 30). After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** defendant's motion for summary judgment (**Ct. Rec. 25**) and **DENIES** plaintiff's motion for summary judgment (Ct. Rec. 20).

**JURISDICTION**

Plaintiff protectively applied for disability insurance benefits (DIB) and for supplemental security income (SSI) on June 26, 2006, alleging disability beginning April 30, 2004 (Tr. 104-

113). The applications were denied initially and on reconsideration (Tr. 61-64, 66-69).

At a hearing before Administrative Law Judge (ALJ) Robert Chester on February 10, 2009, plaintiff, represented by counsel, and a vocational expert (VE) testified[1] (Tr. 35-56). On March 4, 2009, the ALJ issued an unfavorable decision (Tr. 20-30). The Appeals Council considered additional evidence and denied Mr. Newby's request for review on August 28, 2009 (Tr. 1-5). Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on October 28, 2009 (Ct. Rec. 1,4).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, the briefs of both plaintiff and the Commissioner, and are briefly summarized here.

Plaintiff was 53 years old at onset, 58 at the hearing, and 59 on the date of the ALJ's decision (Tr. 37, 104). He has a high school education and a certificate in hotel (hospitality) management (Tr. 38, 139). Mr. Newby has worked as a hotel clerk, hotel manager, computer technician, and account clerk (Tr. 51-52, 134). He last worked in August 2007 as a hotel manager and was fired after nine days for taking morphine to relieve pain (Tr. 38-

---

[1] The ALJ's decision erroneously states medical expert Arthur Lorber, M.D., appeared and testified (Tr. 20). Although scheduled, Dr. Lorber did not testify due to a medical emergency (Tr. 37). The ALJ's error appears harmless.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 2 -

39, 47-48). He was fired from a different hotel after three months in April 2004 because pain made him irritable with guests (Tr. 39, 48).

Plaintiff sees a doctor every two months (Tr. 39-40). He uses a prescribed back brace once or twice a week, and a cane once or twice a month (Tr. 40-41). He cannot work because of pain, headaches that last 24 hours, and memory problems caused by morphine (Tr. 41-42).

Plaintiff alleges disability due to spinal fusion, calcification, and scar tissue; bladder problems, and chronic ulcer problems (Tr. 133). He lives alone, reads, watches television, plays cards, cooks simple meals, cleans, does laundry, and rakes leaves once a week. He feeds, bathes, and walks a dog. Plaintiff has help with grocery shopping and sometimes borrows a car. He can walk a mile about twice a month, stand 60-90 minutes, and lift ten pounds. Plaintiff sleeps one hour at night and naps during the day (Tr. 43-46, 142-145). He complained of depression in 2006 (Tr. 147).

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot,

considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not

disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. *Hoffman v. Heckler*, 785 F.3d 1423, 1425 (9th Cir. 1986). The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984); *Tackett v. Apfel*, 180 F.3d 1094, 1099 (1999).

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett,* 180 F.3d at 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled

will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting

evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

The ALJ found plaintiff was insured through March 31, 2011 for DIB purposes (Tr. 20, 22). At step one, he found plaintiff has not engaged in substantial gainful activity since onset (Tr. 22). At steps two and three, the ALJ found plaintiff suffers from the medically determinable impairment of degenerative disc disease of the lumbar spine (DDD), an impairment that is severe but does not meet or equal a Listed impairment (Tr. 22, 24). The ALJ found plaintiff less than fully credible (Tr. 26). At step four, relying the vocational expert (VE's) testimony, he found plaintiff is able to perform his past relevant work as a hotel clerk, hotel manager, and account clerk (Tr. 30, 52-53). Accordingly, at step four the ALJ found Mr. Newby is not disabled as defined by the Social Security Act (Tr. 30).

**ISSUES**

Plaintiff contends the Commissioner erred when he weighed the medical evidence and Mr. Newby's credibility, and when he found plaintiff can perform his past relevant work (Ct. Rec. 21 at 7-8).

The Commissioner asserts the ALJ's decision is supported by substantial evidence and free of legal error, and the Court should affirm (Ct. Rec. 26 at 16, 18).

**DISCUSSION**

**A. Weighing medical evidence**

In social security proceedings, the claimant must prove the

existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

Plaintiff alleges the ALJ failed to properly credit the opinions of treating doctor Angelika Kraus, M.D., and examining doctor Meneleo Lilagan, M.D., and of J. Dalton, M.D., who signed a medicaid certification in September 2006 (Ct. Rec. 21 at 11-14, referring in part to Tr. 358, 384). The Commissioner asserts the ALJ properly rejected these opinions in favor of the opinion of another examining physician, Rosa Borders, M.D., the objective medical evidence, and plaintiff's diminished credibility (Ct. Rec. 26 at 9-15).

Plaintiff assigns two additional errors: one, the ALJ should have found Mr. Newby's headaches are a severe impairment, and two, he erred by finding plaintiff is able to perform past work (Ct. Rec. 21 at 10-11, 16-20). The Commissioner asserts plaintiff's lack of consistent treatment and diminished credibility both support the ALJ's step two determination (Ct. Rec. 26 at 7-11). Last, the Commissioner asserts Mr. Newby failed to meet his burden at step four (Ct. Rec. 26 at 16-17).

**B. Medical history**

The ALJ considered the records of treating physician Dr. Kraus, who began treating plaintiff on July 20, 2005. On October

31, 2007, she opined Mr. Newby is permanently unable to work (Tr. 563), primarily due to back pain.

The ALJ considered the opinion of Dr. Borders, who examined plaintiff on April 4, 2007 (Tr. 435-438). She noted no abnormalities on exam and assessed no limitations (Tr. 438).

To further aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility and found him less than fully credible (Tr. 26). Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.3d at 834. "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ found plaintiff less than fully credible because

treatment has been conservative, daily activities are inconsistent with the level of limitation claimed, and complaints are not supported by clinical findings (Tr. 26, 28).

*Conservative treatment*. The ALJ notes although plaintiff has received treatment for an allegedly disabling impairment, treatment has been essentially routine and/or conservative. Since onset plaintiff has had no epidural injections or facet blocks, nor has he undergone physical therapy after onset in 2004. He has not been referred for a surgical consultation (Tr. 27). Evidence of "conservative treatment" is sufficient to discount a claimant's testimony regarding severity of an impairment. *Parra v. Astrue*, 481 F.3d 742, 750-751 (9th Cir. 2007), citing *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995).

*Daily activities*. Plaintiff's activities are not as limited as one would expect given his claimed limitations. The ALJ observes plaintiff shops, rakes or blows leaves with an air blower for an hour once a week, cooks daily, does laundry, cleans, and reads. He can walk a mile twice a month, and at other times, 150 yards at a time. Sitting causes no problem as long as he does not stay in one spot too long. Plaintiff can stand 60-90 minutes as long as he can walk around a little. Mr. Newby stated he can lift and carry about ten pounds, as the ALJ notes (Tr. 26, 28). An ALJ may properly reject a claimant's symptom testimony if the claimant is able to spend a substantial part of the day performing household chores or other activities that are transferable to a work setting. *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996), citing *Fair v. Bowen,* 885 F.2d at 603.

*Lack of objective medical findings*. The ALJ points out the

objective evidence after onset reveals about the same level of severity as before onset in April 2004. The fact that the allegedly disabling impairment did not prevent him from working "strongly suggests" it would not prevent current work (Tr. 26).

     Plaintiff had back surgery in 1968 and began complaining of back pain with radiating pain in 1998. The ALJ notes an MRI in November 2002 showed a small amount of enhancement around the thecal sac at L4-5 suggesting the presence of some fibrotic change and slight narrowing of the spinal canal at L4-5 (Tr. 292). In November 2003, plaintiff asserted facet blocks and epidural injections gave no relief and the pain was worse, but he continued to work. From November 2004 to July 2005, a period of eight months, plaintiff sought no treatment. In July 2005 he complained of radiating pain bilaterally and chronic weakness, but Dr. Kraus notes patellar reflexes are 2+ and motor strength is 5/5 (Tr. 26, 406). In October 2005, plaintiff had normal range of motion in all extremities (Tr. 26, Ex. 13F/4). An MRI in February 2007 showed multilevel spinal canal narrowing significant at L2-3 where it was mild to moderate with some crowding of the nerve roots; mild spinal canal narrowing at L1-2 and L3-4; potential compromise of the right L5 nerve root in the lateral recess, primarily from facet arthropathy and ligamentum flavum hypertrophy (Tr. 26-27, 432-433). Dr. Borders' examination in April 2007 revealed good balance and coordination. Sensory exam intact in the lower extremities. Plaintiff had full ROM in all areas tested, including the spine. Reflexes were 2+ throughout, motor strength was normal, and there was no atrophy or weakness (Tr. 27, 437-438). A lack of medical evidence does not support the disabling level of

limitation alleged (Tr. 26). A lack of supporting objective medical evidence is a factor which may be considered in evaluating an individual's credibility, provided that it is not the sole factor. *Bunnell v. Sullivan*, 347 F.2d 341, 345 (9th Cir. 1991).

The ALJ correctly relied on several factors, including conservative and infrequent treatment for allegedly disabling impairments, activities inconsistent with alleged degree of impairment, and a lack of clinical support for alleged disabling limitations when he found Mr. Newby less than completely credible (Tr. 26).

The ALJ's reasons for finding plaintiff less than fully credible are clear, convincing, and fully supported by the record. *See Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002) (proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and extent of daily activities). Noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment also cast doubt on a claimant's subjective complaints. 20 C.F.R. §§ 404.1530, 426.930; *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

**C. ALJ's assessment of medical opinions**

The ALJ gave Dr. Kraus's opinions little weight (Tr. 29). In August 2006, she opined plaintiff was capable of sedentary work, walked stiffly, and had decreased mobility (Tr. 397-398). The ALJ points out these limitations were not mentioned elsewhere in the treatment notes (Tr. 29, 395, Ex. 16F/4-7), and Dr. Kraus's treatment notes contain very little objective information and a lot of subjective complaints. Perhaps most importantly, the ALJ

observes Dr. Kraus's opinion that plaintiff can perform less than sedentary work is not supported by Mr. Newby's daily activities or his own admissions (Tr. 29). When confronted with conflicting medical opinions, an ALJ need not accept a treating physician's opinion that is conclusory and brief and unsupported by clinical findings. *Tonapetyan v. Halter*, 242 F.3d at 1144, 1149 (9th Cir. 2001), citing *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).

    The ALJ relied on Dr. Borders' opinion because it is supported by objective findings including normal ROM, 5/5 strength in all extremities, no abnormality in gait or station, and MRI results (Tr. 26). The ALJ is responsible for resolving ambiguity. *See Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999). The ALJ's reasons for rejecting Dr. Kraus's contradicted opinions are specific and legitimate. *See Andrews v. Shahala*, 53 F.3d 1035, 1043 (9th Cir. 1995)(ALJ can legitimately accord less weight to a medical opinion "premised to a large extent upon the claimant's own accounts of his symptoms and limitations" once those complaints have themselves been properly discounted).

    The ALJ rejected Dr. Lilagan's April 17, 2006, opinion because the doctor notes plaintiff had difficulty bending and twisting his trunk, and pain with straight leg raising, all symptoms not mentioned anywhere else in the record (Tr. 29, 352-355). Dr. Lilagan assessed an RFC for sedentary work (Tr. 356). The ALJ opines plaintiff's ability to walk a mile and stand 60-90 minutes shows he is capable of more than sedentary work. The ALJ also relied on Dr. Borders' contradictory exam results (Tr. 29).

1  The ALJ's reasons are specific, legitimate and supported by
2  substantial evidence.
3      The ALJ rejected Dr. Dalton's medicaid certification for
4  similar reasons, in that the assessed RFC for sedentary work is
5  contradicted by plaintiff's statements and Dr. Borders' exam
6  results (Tr. 29). The ALJ's reasons are fully supported. *See e.g.*,
7  *Tonepetyan*, 242 F.3d at 1144.
8      While another ALJ may have reached a different conclusion,
9  this ALJ's conclusion is supported by substantial evidence. Where
10 evidence is susceptible to more than one interpretation, the ALJ's
11 conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679
12 (9th Cir. 2005).
13     The ALJ properly weighed the medical evidence and plaintiff's
14 credibility.

**D. Step two**

16     Plaintiff claims headaches are a severe impairment (Ct. Rec.
17 21 at 10-11). The Commissioner notes the ALJ found plaintiff's
18 allegation he has headaches 24 hours a day is not supported by the
19 medical records (Ct. Rec. 26 at 8).
20     The Commissioner is correct. The ALJ observes before onset,
21 in November 2003, records show a medication prescribed for
22 headaches, topomax, is effective (Tr. 23, referring to Tr. 243).
23 Plaintiff did not complain of headaches again until February 2007,
24 and sought no treatment until December 2007 (Tr. 23, 429, 534).
25 The ALJ considered plaintiff's diminished credibility.
26     The ALJ is responsible for reviewing the evidence and
27 resolving conflicts or ambiguities in testimony. *Magallanes*, 881
28 F.2d at 751. It is the role of the trier of fact, not this court,

to resolve conflicts in the evidence. *Richardson*, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405(g).

The ALJ's step two finding is a reasonable interpretation of the evidence.

**E. Step four**

Plaintiff asserts the ALJ erred at step four when he found Mr. Newby is able to perform his past relevant work (Ct. Rec. 21 at 16-20). According to the Commissioner, the ALJ's analysis is correct because he relied on a hypothetical that included all of Mr. Newby's credible limitations (Ct. Rec. 26 at 17).

The Commissioner is correct.

The ALJ's hypothetical included plaintiff's credible limitations, *see Magallanes v. Bowen*, 881 F.2d 747, 756-757 (9th Cir. 1989), and the record supports the ALJ's determination, Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005).

Plaintiff's reliance on *Pinto v. Massanari*, 249 F.3d 840 (9th Cir. 2001), is misplaced. The VE testified plaintiff is able to perform his past relevant work as it is generally performed and consistent with the DOT (Tr. 30).

Social Security Ruling (SSR) 82-61 sets out three tests to determine whether a claimant retains the capacity to perform his or her past relevant work. The job requirements are examined (1) based on a broad generic classification of the job, (2) as the claimant actually performed it, or (3) as the job is ordinarily

required [to be performed] by employers throughout the national economy. The ALJ's finding that plaintiff is able to perform the work as it is generally performed (Tr. 30) is supported by substantial evidence. *See e.g., Listasio v. Shalala*, 47 F.3d 348, 350 (9th Cir. 1995)("vocational experts can testify whether particular applicants for disability benefits would be able to perform subcategories of jobs within the DOT").

The ALJ's step four determination is fully supported by the record and free of legal error.

## CONCLUSION

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence..

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 25)** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 20)** is **DENIED.**

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant, and **CLOSE** this file.

DATED this 16th day of March, 2011.

s/ James P. Hutton
JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE
